Plaintiff, beneficiary under a $500.00 life insurance policy issued to her daughter on August 12, 1946, filed suit for the $500.00 face amount of the policy. The petition set forth that the insured, Mrs. Mildred G. Stone, died on February 21, 1947 and that all premiums due had been paid.
The defendant admitted the issuance of the policy and that proof of death had been received, but defended on the grounds that the policy had been obtained through fraudulent representations by the deceased and the plaintiff, representing insured to be a woman in perfect health, while in fact she was on August 1, 1946, suffering from acute nephrosis or "Bright's disease" for which she had recently been under treatment by physicians in both Natchitoches and Shreveport, Louisiana.
At the time of the trial defendant tendered to plaintiff the premiums paid. The District Court gave judgment rejecting plaintiff's demand and directed that the premiums, deposited in the registry of the Court, be delivered to her.
In the application for insurance made in writing by the insured on August 1, 1946, Mrs. Stone stated that she had never had any disease of the kidneys; that she was in sound health; and that she had not been under the care of any physician within three years previous to the date of the application.
The evidence discloses that in June, 1946, Mrs. Stone was confined in the Natchitoches sanitarium for several days for treatment of a kidney disease. On her attending physician's recommendation she went to a specialist, Dr. Rougon of Shreveport. Plaintiff, on the witness stand, admitted that the insured was in the Natchitoches hospital as contended by defendant; that her physician "sent her to Shreveport" to see Dr. Rougon, and that Dr. Rougon said that her daughter had kidney trouble. Dr. R.S. Roy, the Natchitoches physician, testified that he treated the insured for three or four days and because her condition was so bad suggested that she go to a kidney specialist, which she did. His diagnosis was that she had nephrosis, which he described as a chronic ailment of the kidneys and that her condition was so serious that "the best we could do would not be too much."
We conclude that the insured, prior to applying for the policy sued upon, was suffering from this serious kidney ailment and that this condition was known both to the insured and the plaintiff at the time the application for insurance was signed.
[1] Act No. 160 of 1934 provides that the written and signed application that is the basis for issuing a policy of industrial insurance becomes a part of the insurance contract. The provisions of this act have *Page 72 
been followed by the Courts. Succession of Ryan v. Life 
Casualty Insurance Company of Tennessee, La. App., 198 So. 522, and cases there cited. Plaintiff cites the case of Blackwell v. Fireside Mutual Life Insurance Co., La. App., 11 So.2d 65. That case is distinguished from the case at bar in that the defendant was a regular life insurance company, to which the above mentioned statute relative to industrial life insurance companies, does not apply.
[2] The learned District Judge, in a well considered written opinion, found that the insured and plaintiff knowingly made the serious misrepresentations about Mrs. Stone's unfortunate affliction. He correctly reached the conclusion that the misrepresentations were of such a nature as to void the policy, citing the Ryan case, supra.
The judgment appealed from is affirmed, with costs. *Page 278